EMMA B. WANNER, PLAINTIFF, v. COLUMBIA CASUALTY COMPANY, DEFENDANT.

Submitted May term, 1929—Decided August 28, 1929.

Before Justices PARKER, BLACK and BODINE.

For the plaintiff, *McCarter & English* and *Arthur F. Egner*.

For the defendant, *Kalisch & Kalisch*.

PER CURIAM.

This suit was brought to recover $8,000 under a policy of insurance dated the 31st of December, 1924. The policy insured John C. Wanner, the husband of the plaintiff, from bodily injury effected solely through accidental means and against death, caused by such accidental means. John C. Wanner died on July 3d, 1927, caused as is alleged in the complaint, through accidental means, while the policy was in force. The answer filed was a denial and two separate defenses, viz., falsity of statement in the application and the maximum amount, which can be recovered due to classification of the risks. The trial resulted in a verdict for the plaintiff for $8,516. The defendant obtained a rule to show cause

from the trial court and writes down twenty-five reasons for a new trial. Our reading of the record and the briefs of the respective counsel lead us to the conclusion that none of the reasons are sufficient to justify this court in disturbing the verdict of the jury. The first seventeen, except No. 7, charge error in the trial court's refusal to permit certain specified questions put to witnesses by the counsel for the defendant as error. These reasons call for no extended discussion. Nos. 1 to 6 are abandoned in the defendant's brief. The others are without legal merit. Nos. 18 and 19, error by the trial court in refusing to nonsuit the plaintiff or direct a verdict for the defendant. The rulings of the trial court in these respects were not error, questions of fact for the determination of the jury were involved. Nos. 20 and 21, error by the trial court in refusing to charge defendant's request. These were also abandoned in the defendant's brief. We find no error in Nos. 22 and 23, *i. e.,* alleged error in the charge of the trial judge to the jury. No. 24 is abandoned. No. 25, the verdict of the jury was against the weight of the evidence, not so.

It may be pertinent, however, to refer more fully to No. 7, viz., alleged error by the trial court in refusing to permit the defendant to put in evidence the printed "Manual," which embodied the classification of risks, rights and premiums of the defendant company for accident insurance. Nowhere in the policy is the "Manual" mentioned. The policy does, however, provide: "This policy includes the endorsements and attached papers, if any, and contains *the entire contract of insurance* except as it may be modified by the company's classification of risks and premium rates in the event that the insured is injured after having changed occupation."

Under this clause, it is argued the printed "Manual" was admissible in evidence. It may be said if there is any ambiguity, that is to be resolved against the defendant company. *Clayton* v. *General, &c., Assurance Corp.,* 104 *N. J. L.* 364. In addition to this, the point may properly be disposed of by the statement made by the trial court, with which we concur, viz. :

The court—"I think the proper way to prove it, *i. e.*, the manual, is to prove it by the corporate action of the company adopting this as its manual." Mr. Kalisch—"There is no evidence before your honor to indicate that there is a corporate action." Record, page 43, line 7. \* \* \* The court—"We are faced with this proposition." Mr. Kalisch—"That this policy refers to a certain manual. This witness comes in and produces the printed book and says he uses his judgment up to a certain maximum and then he uses this book, but he has not proved this book as yet, so I cannot allow him to testify to it." Record, page 45, line 20.

The rejection of this piece of evidence, however, was not injurious to the defendant, in view of the charge by the trial judge to the jury. Its purpose was to show that a higher premium was charged for the insurance, if the insured's occupation was changed to one that was more hazardous, such as a dealer in wild animals, in which case the company's liability would be reduced. The plain charge of the trial judge was, that if the deceased was in the wild animal business there could be no recovery; so, in addition thereto, the trial judge charged the defendant's second, third and fourth requests covering this point more fully; hence, under this charge, the rejection of this piece of evidence could have had no influence upon the verdict to be rendered by the jury on this point.

The rule to show cause is therefore discharged, with costs.